# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MALIBU MEDIA, LLC, | : |
| Plaintiff, | : |
| vs. | : Case No. 1:15-cv-162 |
| JOHN DOE subscriber assigned IP address 71.64.106.59, | : Judge Donald C. Nugent |
| Defendant. | : |

## MOTION TO PROCEED ANONYMOUSLY

Pursuant to Fed. R. Civ. P. 10(a) and 26(c), Defendant John Doe ("Mr. Doe") moves the Court for an order allowing Mr. Doe to proceed anonymously and to preclude Plaintiff Malibu Media, LLC from naming Mr. Doe in this lawsuit until the Court has ruled on all dispositive motions.  A memo in support is attached.

                                                    Respectfully submitted,

                                                    /s/ Samir B. Dahman
                                                    Samir B. Dahman  (0082647)
                                                    DAHMAN LAW, LLC
                                                    Two Miranova Place, Suite 500
                                                    Columbus, OH 43215
                                                    Tel:  614.636.1250
                                                    Fax: 614.633.3366
                                                    Email:  sdahman@dahmanlaw.com

*Trial Attorney for Defendant John Doe*

**MEMO IN SUPPORT**

I. **INTRODUCTION: YOU CAN'T UNRING A BELL.**

This is one of hundreds, if not thousands, of copyright infringement suits that Plaintiff Malibu Media, LLC ("Malibu Media") has recently filed.

In the case *sub judice*, Malibu Media alleges that Defendant John Doe's ("Mr. Doe") Internet Protocol address ("IP address") has been used to download and distribute dozens of pornographic videos. (See Complaint, ¶ 2 [Doc. No. 1].) While Mr. Doe's Internet Service Provider ("ISP") may reveal that Mr. Doe was the subscriber of the IP address 71.64.106.59 on December 7, 2014, only discovery will prove that Mr. Doe is not the actual copyright infringer. But in the meantime, Mr. Doe cannot afford to have his name associated with such scandalous allegations.

As the United States District Court for the Eastern District of Michigan observed in Patrick Collins Inc. v. John Does 1–28, "a significant portion of the subscribers identified by ISPs may not actually be the BitTorrent users who downloaded" the content, and "permitting the defendants to proceed anonymously for a limited time is reasonable." No. 2:12-12670, 2013 U.S. Dist. LEXIS 11349, at *28 (E.D. Mich. Jan. 29, 2013).

The Patrick Collins Court also noted that in these types of lawsuits, defendants "might be subject to public embarrassment upon the disclosure of the fact that their IP addresses were used to download pornographic material." Id.

Mr. Doe is not the infringer and prematurely naming him in this lawsuit will cause great embarrassment and irreparable harm to his career and reputation.

Everyone knows that you cannot unring a bell. Conversely, there will be no prejudice to Malibu Media because it already knows Mr. Doe's identity and there will be no significant harm to the public interest.

## II.  RELEVANT FACTS:  MALIBU MEDIA'S CLAIMS.

### A.  Malibu Media's Complaint.

Malibu Media filed its Complaint on January 26 2015. Malibu Media contends that Mr. Doe's IP address was used to distribute Malibu Media's pornographic films without authorization. (See Complaint, ¶ 2.) To support its claims, Malibu Media references information gathered by its foreign, private investigator, IPP International UG. (See Complaint, ¶ 18; Mot. to Serve Third-Party Subpoena, Ex. C [Doc. No. 2].) IPP International UG claims to provide forensic investigation services; the company purportedly uses forensic software to extract information from individuals such as Mr. Doe. (See Mot. to Serve Third-Party Subpoena, Ex. C.)

IPP International UG allegedly established a connection with Defendant's IP address and downloaded bits of Malibu Media's movies from an electronic device connected with Mr. Doe's IP address. (See Complaint, ¶¶ 18, 19.)

Since the IP address 71.64.106.59 is dynamic, only discovery will prove whether Mr. Doe was the subscriber of the IP address in question during ***all*** of the Hit Dates referenced in the Complaint. (See generally Complaint.) Even if Malibu Media could establish that Mr. Doe was the subscriber of the IP address 71.64.106.59 during the dates and times in question, only discovery will confirm that Mr. Doe is not the infringer.

### B. Malibu Media's Subpoena.

On January 29, 2015 the Court entered an order (the "Order") allowing Malibu Media to serve a subpoena on Mr. Doe's ISP—Time Warner Cable—compelling it to disclose the identity of the subscriber of the IP address 71.64.106.59. (See Civil Docket for Case No. 1:15-cv-162.)

On January 29, 2015, Malibu Media served a subpoena (the "Subpoena"), commanding Time Warner Cable to disclose the identity of the subscriber of the IP address 71.64.106.59 on December 7, 2014 at 2:08 Coordinated Universal Time ("UTC"). (See Subpoena, attached as Ex. 1.)

The specific date and time in the Subpoena correspond to the first alleged infringement listed in Exhibit A of the Complaint. (See Complaint, Ex. A; Ex. 1.) But the Subpoena does not require the ISP to disclose the subscriber of the IP address 71.64.106.59 on any of the other 18 times and dates mentioned in Exhibit A of the Complaint. (See id.)

### C. The ISP Will Reveal the Identity of the IP Address Subscriber, But Not the Identity of the Infringer.

On or around March 18, 2015 Mr. Doe received a letter from Time Warner Cable (the "Letter") containing a copy of the Subpoena. (See Letter, attached as Ex. 2.)

The Letter stated that Mr. Doe was the subscriber of IP Address 71.64.106.59 on December 7, 2014 at 2:08 UTC. (Id. ¶ 2.) However, the IP Address 71.64.106.59 is dynamic. (Id.)

Although Time Warner Cable has the ability to reveal the identity of the subscriber of the above-mentioned IP address on December 7, 2014 at 2:08 UTC, it will

4

not reveal (i) the identity of the BitTorrent user who allegedly infringed upon Malibu Media's copyrights on that date and time, nor (ii) the subscriber of the IP address or BitTorrent user's identity during the other 18 alleged infringements listed in Exhibit A. (See Ex. 1.)

Mr. Doe now files this Motion to Proceed Anonymously. Allowing Malibu Media to prematurely reveal Mr. Doe's identity in this lawsuit would cause great embarrassment and irreparable harm to Mr. Doe's career and reputation.

### III. LAW AND ARGUMENT.

#### A. The Court Should Grant Mr. Doe Permission to Proceed Anonymously.

Despite the fact that both parties have agreed to Mr. Doe proceeding anonymously, this motion is still necessary. Mere stipulation is not enough. Courts in the Sixth Circuit and beyond have consistently held that Fed. R. Civ. P. 10(a) and public policy favoring open judicial proceedings require that a court independently approve protective orders and motions to proceed anonymously. See, e.g., Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 188–91 (2d Cir. 2008); Citizens for a Strong Ohio v. Marsh, 123 F. App'x 630, 636–37 (6th Cir. 2005); Sprinturf, Inc. v. Sw. Recreational Indus., 216 F.R.D. 320, 322 (E.D. Pa. 2003).

Pursuant to Fed. R. Civ. P. 10(a), "[t]he title of [a] complaint must name all the parties." "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff, 537 F.3d at 188–89. Indeed, there is a "presumptive right" of public access to court records. Does 1-114 v. Shalushi, No. 10-11837, 2010 U.S. Dist.

5

LEXIS 77331, at *4 (E.D. Mich. July 30, 2010). "'[T]he decision as to when judicial records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse.'" Id. at *5–6 (quoting In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 474 (6th Cir. 1983)).

"[E]ven where a motion to proceed anonymously is unopposed, the court must make 'an independent determination of the appropriateness' of the plaintiff's motion to conceal his name." Malibu Media, LLC v. Reynolds, No. 12-cv-6672, 2013 U.S. Dist. LEXIS 31228, at *18 (N.D. Ill. Mar. 7, 2013) (quoting Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir. 2004)); see also Malibu Media, LLC v. John Doe, Subscriber Assigned IP Address 74.135.102.93, No. 2:14-cv-804 (S.D. Ohio Oct. 16, 2014) (granting an unopposed motion to proceed anonymously); Sprinturf, Inc., 216 F.R.D. at 322 ("Even unopposed motions must be scrutinized."). A party may proceed anonymously "only if he or she shows that 'the need for anonymity substantially outweighs the presumption that parties' identities are public information and the risk of unfairness to the opposing parties.'" Doe v. Franklin Cnty., No. 2:13-cv-00503, 2013 U.S. Dist. LEXIS 134843, at *4 (S.D. Ohio Sept. 20, 2013) (quoting Doe v. Warren Cnty., No. 1:12-cv-789, 2013 U.S. Dist. LEXIS 25423, at *5 (S.D. Ohio Feb. 25, 2013)); see also Does 1-3 v. Coliseum, Inc., No. 2:13-cv-14492, 2013 U.S. Dist. LEXIS 158416, at *1–2 (E.D. Mich. Nov. 5, 2013) (accord); Sealed Plaintiff, 537 F.3d at 188–91 (reversing a district court's decision on a motion to proceed anonymously because the district court "did not balance plaintiff's interest in proceeding anonymously against the interests of defendants and the public").

6

As the Sixth Circuit has stated, "[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case . . . ."  <u>Citizens for a Strong Ohio</u>, 123 F. App'x at 636–37.  Consequently, Mr. Doe brings this motion requesting that the Court grant him permission to proceed anonymously.

> **B.** **<u>Mr. Doe Would Suffer Irreparable Harm and Embarrassment if He Is Prematurely Named in this Lawsuit, and Only Discovery Will Reveal if Mr. Doe Is the Infringer.</u>**

In <u>Patrick Collins, Inc. v. John Does 1–33</u>, the court observed that: (i) "a significant portion of the subscribers identified by ISPs may not actually be the BitTorrent users who downloaded" the content, and that (ii) a defendant might be "subject to public embarrassment upon the disclosure of the fact that [his] IP address was used to download pornographic material."  No. 4:12-cv-13309, 2013 U.S. Dist. LEXIS 50674, at *36, 38 (E.D. Mich. Feb. 27, 2013).

IP addresses can be dynamic and although Malibu Media accuses Mr. Doe of 19 infringements, only discovery will reveal that Mr. Doe is not the infringer.  Furthermore, Malibu Media requested a very narrow subpoena that would reveal the subscriber of IP address 71.64.106.59 during only <u>one date and time</u>— December 7, 2014 at 2:08 UTC.  (<u>See</u> Ex. 1.)  The subpoenaed date and time corresponds only to the first alleged infringement listed in Exhibit A of the Complaint.  (<u>See</u> Complaint, Ex. A.)

Malibu Media cannot prove Mr. Doe was the infringer before discovery.  Additionally, at this moment, Malibu Media <u>*has no sufficient evidence to establish that Mr. Doe was the infringer and the subscriber of the IP address in question during the other 19 alleged infringements*</u>.

7

If this Motion is denied, Mr. Doe will be prematurely named in the lawsuit and his identity will be forever associated with a lawsuit accusing him of illegally downloading and distributing 19 pornographic movies. Unfairly, Mr. Doe would suffer public embarrassment and irreparable harm to his career and reputation.

In contrast to the present case, the defendant in TCYK, LLC v. Doe requested the Court's authorization to proceed anonymously concurrently with his motion to quash the plaintiff's subpoena. No. 2:13-cv-688, 2013 U.S. Dist. LEXIS 141642, at *2 (S.D. Ohio Oct. 1, 2013). The Court denied the defendant's request to proceed anonymously because: (i) the infringements at issue did not involve pornography, and (ii) the defendant was not able to show that "the need for remaining anonymous substantially outweighs the risk of unfairness to plaintiff or the general presumption that a party's identity is public information." Id. at *6.

As in Patrick Collins, and unlike the situation in TCYK, the copyright infringements at issue here involve pornographic movies. As such, Mr. Doe will suffer public embarrassment and irreparable career and reputational harm if he is prematurely named in the lawsuit.

    **C.**     **Mr. Doe's Need to Remain Anonymous Substantially Outweighs the Risk of Unfairness to Malibu Media.**

Unlike the procedural posture of TCYK, Mr. Doe is not seeking to quash Malibu Media's Subpoena. In fact, the Subpoena has been served, and it is likely that the ISP has already provided Malibu Media with Mr. Doe's information. If, through discovery, Malibu Media acquires evidence to establish that Mr. Doe is actually the copyright infringer, Malibu Media will be perfectly able to name Mr. Doe at that point.

When dealing with cases similar to the one at bar, courts in the Sixth Circuit have noted that "permitting . . . defendants to proceed anonymously for a limited time is reasonable" because "the risk of false positives" in pornographic copyright infringement lawsuits may coerce innocent defendants into unjust settlements.  Patrick Collins Inc. v. John Does 1–28, 2013 U.S. Dist. LEXIS 11349, at *28 (citing Digital Sin, Inc. v. Does 1–176, 279 F.R.D. 239, 242 (S.D.N.Y. 2012)).

Mr. Doe is not the infringer and any association with a copyright infringement case, especially one involving pornography, will destroy Mr. Doe's career and reputation.  If Mr. Does is not allowed to proceed anonymously, he will likely have no other option besides paying Malibu Media an enormous amount in order to settle the case and avoid any association with pornographic content.  Therefore, Mr. Doe's need to proceed anonymously greatly outweighs any unfairness to Malibu Media.

### D.     The Temporary Effects of This Motion Will Not Harm the Public Interest.

Even where motions to proceed anonymously have been opposed, courts in the Sixth Circuit have still granted them.  In EEOC v. Care Centers Management Consulting, Inc., the court allowed the plaintiff to proceed anonymously, explaining that:

> While the public will not know Doe's identity from a review of the complaint, the public's knowledge of the judicial proceedings will be only minimally restricted because the public will know, among other things, what is alleged to have occurred between Doe and Defendants, where and how the alleged actions took place, and how the parties investigated and responded to the alleged actions.

9

No. 2:12-cv-207, 2012 U.S. Dist. LEXIS 132898, at *9 (E.D. Tenn. Sept. 18, 2012). Similarly, in Patrick Collins Inc. v. John Does 1–28, the court held that "permitting the defendants to proceed anonymously for a limited time is reasonable because the ISP subscribers may be innocent third parties." 2013 U.S. Dist. LEXIS 11349, at *28.

As these cases demonstrate, allowing a party to proceed anonymously does "not obstruct the public interest in . . . any significant way." Care Ctrs. Mgmt. Consulting, 2012 U.S. Dist. LEXIS 132898, at *10.

Based on this precedent, courts in the Sixth Circuit have granted several motions to proceed anonymously in pornographic copyright infringement cases, including other cases involving Malibu Media. See, e.g., Malibu Media LLC v. Doe, No. 13-cv-13482, 2013 U.S. Dist. LEXIS 169357, at *3 (E.D. Mich. Dec. 2, 2013); Third Degree Films, Inc. v. John Does 1–72, No. 12-cv-14106, 2013 U.S. Dist. LEXIS 44131, at *50 (E.D. Mich. Mar. 18, 2013).

Here, as in Care Centers Management Consulting and other cases from across the Sixth Circuit, the public's knowledge regarding the lawsuit will be minimally restricted. Mr. Doe requests to proceed anonymously until the Court has ruled on all dispositive motions. During that time, Malibu Media will still have access to Mr. Doe's information. Moreover, the Complaint and other public case filings reveal "what is alleged to have occurred" between Mr. Doe and Malibu Media, "where and how the alleged actions took place, and how the parties investigated and responded to the alleged actions." Care Ctrs. Mgmt. Consulting, 2012 U.S. Dist. LEXIS 132898, at *9.

**IV. C**ONCLUSION**.**

For the foregoing reasons, Defendant John Doe respectfully requests that the Court grant his Motion to Proceed Anonymously and preclude Plaintiff Malibu Media from naming him in this lawsuit until the Court has ruled on all dispositive motions.

          Respectfully submitted,

          /s/ Samir B. Dahman
          Samir B. Dahman (0082647)
          DAHMAN LAW, LLC
          Two Miranova Place, Suite 500
          Columbus, OH 43215
          Tel: 614.636.1250
          Fax: 614.633.3366
          Email: sdahman@dahmanlaw.com

          *Trial Attorney for Defendant John Doe*

**CERTIFICATE OF SERVICE**

I certify that the foregoing *Motion to Proceed Anonymously* was electronically filed and will be served upon the following through the Court's CM/ECF filing system on April 22, 2015:

Yousef M. Faroniya
84 S. 4th St.
Columbus, Ohio 43215
yousef@ymfincorporated.com

*Attorney for Plaintiff Malibu Media, LLC*

/s/ Samir B. Dahman
Samir B. Dahman